UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,

        -against-                                NOTICE OF MOTION

RAHIEM MILLER,
                                                   17 CR 506 (NSR)
                         Defendant.
------------------------------------------------------------x

PLEASE TAKE NOTICE, that upon the annexed affirmation and memorandum of law of KELLEY SHARKEY, ESQ., sworn to the 26 day of March 2019, and upon the indictment, and all other proceedings here, the defendant, Rahiem Miller, will move this Court on a date to be determined by the Court, for an Order directing:

1. Discovery, inspection of all materials in the possession of the Government favorable to the defendant pursuant to Brady v. Maryland, 373 U.S. 83 (1963);

2. Disclosure of information concerning evidence available pursuant to F.R.E. 404(B) and Trial Exhibit Disclosures;

3. A hearing pursuant to F.R. CR. p. 12 to determine the admissibility of post-arrest statements made by Rahiem Miller;

4. Reservation of right to bring additional motions if appropriate and timely.

Dated:  Brooklyn, New York

         March 26 2019                    s/

                                                KELLEY SHARKEY

                                                Attorney for Rahiem Miller
                                                26 Court Street, Suite 2805
                                                Brooklyn, N.Y. 11242

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                                AFFIRMATION AND
              -against-                         MEMORANDUM OF LAW
RAHIEM MILLER,                                  17 CR 506 (NSR)

                    Defendant.
-----------------------------------------------------------x
```

KELLEY SHARKEY, a member of the Bar of this Court, affirms the following under penalty of perjury:

That I am the attorney of record for the defendant and I am fully familiar with all the facts and circumstances as revealed by the file maintained in my office. I submit this affirmation and memorandum of law in support of various motions made by defendant.

## I. Request for Materials Pursuant to Brady v. Maryland, Kyles v.Whitley, United States *v.* Giglio and Their Progeny

Evidence which is material either to the guilt or punishment of the defendant must be disclosed to the defense in a timely manner. Brady v. Maryland, 373 U.S. 83 (1963). Evidence that will "play a role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal" must be provided by the government. United States v. Lloyd, 992 F.2d 348, 351 (D.C. Cir. 1983). See also United States v. Bagley, 473 U.S. 667 (1985). "Taken together, this group of constitutional privileges delivers exculpatory evidence into the hand of the accused, thereby protecting the innocent from erroneous conviction and ensuring the integrity of the criminal justice system. California v. Trombetta, 467 U.S. 479, 485 (1984). If this material evidence exists in the hands of the government or an agent of the state (either

1

state or federal), the failure to disclose this evidence is a violation of the precepts of Brady v. Maryland. It is immaterial that a given prosecutor does not have personal knowledge of the existence of the material. "The individual prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf in the case, including the police." Kyles v. Whitley ,514 U.S. 419, 438 (1995).

Rahiem Miller is specifically requesting any information that will impeach the credibility of any witnesses the government might put forth at trial. United States v. Bagley, 473 U.S. 667 (1985), and see United States v. Giglio, 405 U.S. 150 (1972). This may include any criminal history of any witnesses, any deals offered to witnesses, or any other information which may tend to impeach the credibility of any witness.

Rahiem Miller is also requesting any statements by witnesses that would tend to show that he is not involved in the crimes charged in this indictment. It does not matter that the information or statements may have both inculpatory and exculpatory aspects. *See* United States v. Mahaffy, 693 F.3d 113 (2d Cir. 2012).

## II. Disclosure of F.R.E. 404(b) and Trial Exhibits

The Government, upon information and belief, intends to introduce evidence concerning prior bad acts of the defendant Rahiem Miller. The defense also asks that the Government set forth the proposed reasons for the admissibility of such evidence.

Fed. Rules Evid. Rule 403, 28 U.S.C.A., states that relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. For evidence of other bad acts to be accepted, it must be established by a preponderance of the evidence. United States v. DeVaughn, 601 F.2d 42 (2nd Cir. 2979); United

States v. Peterson, 808 F.2d 959 (2nd Cir. 1987).

The defense requests that the Government list any 404(B) evidence it will seek to use at least sixty (60) days before trial. The defense also requests the Court order disclosure of trial exhibits thirty days before the commencement of trial. This is a standing order in the Third Circuit and allows time for defense counsel to review and challenge exhibits in a timely fashion where appropriate. This request was granted by Judge Dearie in U.S v. Tammeco Cargill 17 Cr. 330 (EDNY) a case recently tried in the EDNY, notably without pretrial delay. The request was also granted by other Judges in the SDNY, but those cases settled well before trial disclosures were required.

## III. Suppression of Post Arrest Statements

On January 3, 2013 Rahiem Miller had just turned eighteen years old. He was detained at his high school and taken to the local police station where he was held, questioned off camera, and later interrogated by law enforcement officers on camera.[1] The defendant was read his Miranda warnings, and at one point, stated he understood them. His mother was also brought into the interview room. At the beginning of the interrogation, the defendant stated he did not want to be questioned about the events of December 23, 2012 but would answer questions about the events that occurred at his high school earlier that day. Throughout the lengthy interrogation law enforcement officers, on multiple occasions, ignored and overrode Rahiem Miller's clear requests to stop the questioning.

Rahiem Millers post-arrest statement was not knowing and voluntary[2]. " The requirement that Miranda warnings be given does not, of course, dispense with the voluntariness inquiry." Dickerson

---

[1]Because of encryption, counsel has been unable to reproduce the video statement for the Court's review. AUSA Come has agreed to provide the Court with a viewable copy when the government files their response.

[2]See Rahiem Miller's affirmation in support of the motion to suppress statements.

v. U.S., 530 U.S. 428, 444 (2000). Courts look to the totality of circumstances surrounding a Miranda waiver and any subsequent statements to determine knowledge and voluntariness. Oregon v. Elstad, 470 U.S. 298, 309 (1985). The Second Circuit defines "..."knowing" as a full awareness of the nature of the right being abandoned and the consequences of abandoning it and "voluntary" means by deliberate choice free from intimidation coercion, or deception. U.S. v. Plugh, 648 F.3d 118, 127 (2d Cir. 2011). The government must prove the statement is in fact voluntary and cannot do so in this case. Colorado v. Connelly, 479 U.S. 157, 168-69 (1986).

The defense requests the statements be suppressed since they were made in violation of Rahiem Miller's rights under Miranda v. Arizona, 384 U.S. 436 (1966). In the alternative, the defense requests a hearing on the issue.

### IV.   Other Motions

Counsel has endeavored to bring all motions applicable at this time but requests leave to bring any additional motions which may become necessary based on the Government's response to the present motions or new facts uncovered by the defendant's ongoing investigation into this case. Counsel requests to join in co-defendant's motions where appropriate. This includes a potential severance motion that may be applicable once co-defendant's statements are disclosed.

WHEREFORE, the defendant respectfully moves for the relief set forth herein, and for such other and further relief as the Court may deem just and proper.

Dated:   Brooklyn, New York
         March 26, 2019

                                                        s/
                                                        KELLEY SHARKEY
                                                        Attorney for Defendant
                                                        Rahiem Miller
                                                        26 Court Street - Suite 2805
                                                        Brooklyn, New York   11242
                                                        (917) 796-3352


To:   A.U.S.A Maurene Comey
      A.U.S.A. Christopher Clore
      A.U.S.A. Emilu Deininger
      Southern District of New York
      1 Saint Andrews Plaza
      New York, New York, 10007